IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>JUAN AVELINO SILVA SERRANO<br><br>XXX-XX-8166<br><br>Debtor(s) | Case No. 12-08766(BKT)<br><br>Chapter 13 |

**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS**

TO THE HONORABLE COURT:

    **NOW COMES** José R. Carrión, Chapter 13 Trustee, through the undersigned attorney, and very respectfully states and prays:

    1. On March 8, 2013, Debtor filed an amended Schedule C. (Docket No. 35).

    2. On April 8, 2013, the Trustee filed a motion requesting an extension of time of fourteen days to file an objection to Debtors' claimed exemption, which was granted on April 10, 2013. (Dockets No. 45 and 46).

    3. As explained in detail below, the Trustee objects the exemptions claimed by the Debtor on Schedule C of the bankruptcy petition.

    4. In this case, Debtor included in Schedule C, among other, the following exemption over the real property listed in Schedule A:

| **Description of Property** | **Specific Law Providing Each Exemption** | **Value of Claimed Exemption** |
|---|---|---|

| Residential property located at Villa contesa, Calle Kent N-26, Bayamón, P.R. | 31 P.R.L.A. §§385(a); 1851-1857 | $130,000.00 |

     5. Under 31 P.R.L.A. §§385(a); 1851-1857; as amended by Public Law 195 of September 13, 2011, every person or head of a family that domicile in Puerto Rico shall be entitle to possess and enjoys as a homestead a property that is occupied by him/her or his family as their residence. In sum, a debtor is entitled to claim the Homestead Exemption if they comply with the following: (1) affirmatively declare one property as homestead; (2) in those cases, in which the property is already register on the name of Debtor at the Registrar of the Property, the debtor should execute a Notarial Act to designate such property as homestead, and (3) presents the Notarial Act at the Puerto Rico Property Registry for its recording[1].

---

[1] Artículo 9.- Reclamación de hogar seguro en título de adquisición; anotación en el Registro de la Propiedad y cancelación del derecho en el Registro de la Propiedad

    Todo individuo o jefe de familia que adquiera una finca rústica o urbana para establecer y fijar en ella su hogar seguro lo hará hacer constar así en el título de adquisición, debiendo el notario autorizante advertir al adquirente su deber de así hacerlo, de lo cual dará fe, y el Registrador de la Propiedad al inscribir el mismo tomará razón de dichas manifestaciones en el cuerpo de la inscripción, anotando que dicha propiedad ha sido designada como hogar seguro por su propietario, lo que servirá de aviso público.

    En los casos donde la finca estuviere ya inscrita a nombre de dicho individuo o jefe de familia, bastará que el propietario o propietarios de la finca otorgue(n) un Acta ante Notario Público, donde se haga constar que la finca tiene carácter de hogar seguro, para que el Registrador de la Propiedad consigne tal carácter en nota marginal de la inscripción correspondiente.

    Ambos documentos, la escritura de adquisición y el Acta, según sea el caso, deben expresar el uso residencial de la propiedad, y que el propietario no ha designado como tal, ninguna otra propiedad en o fuera de Puerto Rico. Además, en ambos documentos se le advertirá al propietario de las posibles sanciones a las que se expone toda persona que intente o logre inscribir en el Registro más de una propiedad como hogar seguro o que intente o logre la inscripción ilegal del derecho de hogar seguro a favor de otra persona.

    En los casos donde la persona ya posea otra propiedad designada como hogar seguro, se reconocerá en el propio documento la existencia de la otra propiedad y que

6. In this case, Debtor submitted the Notarial Act and Minute of Presentation of the Property Registry. However, the record of the Property Registry shows that a notification of a defect in the Notarial Act was sent to the Notary Public. In light of this, if the Notary Public does not correct the defect in the Notarial Act during the allowed period of time, the document will expire and the Debtor will need to present the document to the Property Registry. The document will then be deemed as not filed in the Property Registry and Debtor would not be entitled to the local exemption over the homestead.

7. In light of the aforesaid, the Trustee cannot determine if Debtor has complied with Article 9 of Public Law 195 of September 13, 2011.

8. In addition, Debtor listed the following exemptions on personal property listed in **Schedule B:**

| Description of Property | Specific Law Providing Each Exemption | Value of Claimed Exemption |
|---|---|---|
| Microwave | 32 P.R.L.A. §1130 | $50.00 |

---

la misma cesará de ser su hogar seguro a partir de ese momento; y además, tendrá la obligación de cancelar en el Registro de la Propiedad la anotación de hogar seguro en la propiedad anterior para que el Registrador haga consignar tal cancelación en nota marginal de la inscripción correspondiente. Tal cancelación se podrá hacer a través del mismo documento de adquisición de la nueva propiedad que tendrá la protección de hogar seguro o a través de un Acta.

    Siempre que la propiedad sea designada como hogar seguro, el Registrador de la Propiedad tendrá la obligación de anotar que tal propiedad fue así designada por su propietario.

    Tales manifestaciones o anotaciones sólo constituirán prueba prima facie del derecho de hogar seguro sobre esa propiedad; ninguna persona podrá designar más de una propiedad como hogar seguro.

|  | (2) |  |
|---|---|---|
| Stove | 32 P.R.L.A. §1130 (2) | $200.00 |
| TOTAL |  | $250.00 |

9. Under 32 P.R. Law Ann.§1130(2), a Debtor is entitled to claim an exemption of up to $200.00 over "Necessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in the family, or belonging to a woman, and stove, furniture, beds, bedding and bedsteads, not exceeding in value two hundred (200) dollars, wearing apparel, hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames, provisions actually provided for individual or family use sufficient for one month; one cow with her suckling calf, and one hog with her suckling pigs."

10. In this case, Debtor overused his allotted exemption under 32 P.R. Laws Ann. §1130(2) by $50.00. In light of this, the Trustee objects to the claimed exemption over the microwave since the amount claimed exempt exceeds the amount allowed pursuant to 32 P.R. Law Ann.§1130(2).

11. Also, Debtor listed the following exemptions on personal property listed in **Schedule B:**

| Description of Property | Specific Law Providing Each Exemption | Value of Claimed Exemption |
|---|---|---|

| | | |
|---|---|---|
| Dining Room Set | 32 P.R.L.A. §1130(1) | $100.00 |
| Queen bedroom set | 32 P.R.L.A. §1130(1) | $100.00 |
| Reclinable Chair | 32 P.R.L.A. §1130(1) | $50.00 |
| Clothing, Shoes and other personal wearing apparel | 32 P.R.L.A. §1130(1) | $500.00 |
| **TOTAL** | | **$750.00** |

12. Pursuant to Under 32 P.R. Law Ann.§1130(2), a Debtor is entitled to claim an exemption of up one hundred ($100.00) dollars over "Chairs, tables, desks and books, to the value of one hundred (100) dollars, belonging to the judgment debtor."

13. In this case, Debtor overused his allotted exemption under 32 P.R. Laws Ann. §1130(1) by $650.00. In light of this, the Trustee objects to the claimed exemption over the "queen bedroom set", "reclinable chair" and "clothing, shoes and other personal wearing apparel" since the amount claimed exempt exceeds the amount allowed pursuant to 32 P.R. Law Ann.§1130(2). In addition, 32 P.R. Laws Ann. §1130(1) does not apply to wearing apparel.

**WHEREFORE** the Trustee respectfully requests that this Honorable Court enter an order denying Debtor's claimed exemptions as set out above.

RESPECTFULY SUBMITTED.

**21 DAYS NOTICE:** The Debtor(s) is hereby notified that unless an opposition to this objection is submitted in writing

within **21** days from the date appearing in the certificate of service, infra, the Court may grant this motion without the need of an actual hearing.

**CERTIFICATE OF SERVICE:** Pursuant to Bankruptcy Rule 4003(b) The Chapter 13 Trustee herewith certified that a copy of this motion has been served by regular US Mail on this **same date to:** the DEBTOR(S) and to her/his/their ATTORNEY, to their respective address of record.

In San Juan, Puerto Rico this **24**th day of April, 2013.

**/S/Mayra M. Argüelles Álvarez**

Staff Attorney
USDC-PR No. 228304
JOSE R. CARRIÓN-MORALES
CHAPTER 13 TRUSTEE
P.O. Box 9023884
San Juan, P.R. 00902-3884
Tel (787) 977-3535
Fax (787) 977-3550